A. L. Price, alias Lee A. Price, v. The State.

No. 4105. Decided May 5, 1909.

1.—Rape—Sufficiency of the Evidence—Excessive Punishment.

Where upon trial for rape the evidence was sufficient to sustain the verdict the punishment of life imprisonment was not excessive.

2.—Same—Charge of Court—Accomplice.

In rape cases the victim is never an accomplice, and there was no error in the court's failure to charge the jury that prosecutrix was an accomplice.

3.—Same—Other Acts of Carnal Intercourse—Bill of Exceptions—Cross-Examinations.

Where upon trial for rape other acts of carnal knowledge were brought out

on cross-examination by defendant's counsel, there was no error; besides no bill of exceptions to the introduction of this evidence was reserved.

**4.—Same—Letters—Evidence—Bill of Exceptions.**

Where upon trial for rape the defendant reserved no bill of exceptions to the introduction in evidence of certain letters, the matter could not be reviewed on appeal.

**5.—Same—Sufficiency of the Evidence.**

Where upon trial for rape the evidence showed a most atrocious prostitution of the stepdaughter of defendant by defendant the conviction will not be disturbed.

Appeal from the District Court of Lamar.  Tried below before the Hon. Ben H. Denton.                                        ○

Appeal from a conviction of rape; penalty, life imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.

BROOKS, Judge.—Appellant was convicted of rape, and his punishment assessed at life imprisonment in the State penitentiary.

Appellant was indicted for rape upon a girl under fifteen years of age, the stepdaughter of appellant.  The offense is alleged to have occurred at a time when the girl was fourteen years of age.

The first ground of the motion for a new trial complains that the verdict of the jury is excessive.  Under the facts of this case we clearly say not.

The second ground of the motion complains that the court erred in failing to charge the jury that prosecutrix was an accomplice, and that her testimony must be corroborated.  In rape cases the victim is never an accomplice.

The third ground of the motion for a new trial complains that the court erred in permitting the State to introduce evidence, over appellant's objections, as to other acts of carnal knowledge with prosecutrix, which evidence greatly affected the minds of the jury, and inflamed the jury against defendant, and caused the jury to return the cruel and excessive verdict they returned in this case.  In the first place, there is no bill of exceptions to the introduction of this evidence.  The statement of facts shows that appellant brought out all of this testimony on cross-examination through his counsel.  This clearly removes any suggestion of error.

The fourth ground of the motion for new trial complains of the introduction of certain letters during the trial written by appellant to prosecutrix.  There is no bill of exceptions to the introduction of these letters.

The evidence, as suggested above, clearly supports the verdict, and

shows the most atrocious prostitution of the stepdaughter of appellant. The verdict is in all things supported by the evidence, and appellant justly deserves the penalty the jury awarded him.

The judgment is affirmed.

*Affirmed.*